```
        UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

RICKY VINCENT PENDLETON,

    Plaintiff,

v.                              Civil Action No. 2:15-01903

WEST VIRGINIA DIVISION OF
CORRECTIONS, KELLI HINTE,
SHERRIE SNYDER, CHERYL CHANDLER,
LISA BOGGS, MICHAEL SHUMATE, and
PATRICK JANISZEWSKI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: the defendants' Motion to Dismiss Amended Complaint (and alternative motion for summary judgment) (ECF No. 23), the plaintiff's Motion for Summary Judgment (ECF No. 44), the plaintiff's Motion for Expedited and Injunctive Relief (ECF No. 54), and the plaintiff's Motion for Injunctive Relief and Declaratory Judgment (ECF No. 57).

### I.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the

1

provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge has recommended that the defendants' motion to dismiss the amended complaint be granted, that the plaintiff's motions be denied, and that this civil action be dismissed from the docket of the court.

On February 24, 2016, the PF&R was filed. On March 1, 2016, the plaintiff filed his objections. The plaintiff raises the following objections:

> <u>Objection 1</u>.    The plaintiff argues that the magistrate judge misstated his disciplinary history. While the magistrate judge stated he has "several" rule violations on his record, the plaintiff notes that he "only has four (4) rule violations."
>
> <u>Objection 2</u>.    The plaintiff objects to the characterization of his reply regarding his motion for summary judgment as untimely.
>
> <u>Objection 3</u>.    The plaintiff objects to the defendants' assertion, referenced in the PF&R, that the complaint fails to state a claim upon which relief can be granted.
>
> <u>Objections 4-5</u>.    These objections focus on the magistrate judge's conclusion that the court can resolve the instant motions based on the motion to dismiss, without consideration of various materials submitted by the plaintiff in support of his motion for summary judgment.
>
> <u>Objection 6</u>.    The plaintiff argues that based on documents he has submitted, he has shown that he was similarly situated to certain Caucasian inmates for purposes of his equal protection claim, such that similar treatment in administrative segregation decisions was constitutionally required.
>
> <u>Objection 7</u>.    This objection focuses on whether defendants Hinte, Snyder and Chandler were decision-

    makers in the administrative segregation hearings for other inmates identified by the plaintiff, such that an equal protection claim could lie against them for discrimination against the plaintiff.  The plaintiff argues that he adequately alleged defendants were decision-makers for other inmates' cases.

    <u>Objection 8</u>.  The plaintiff re-alleges that other, Caucasion inmates were similarly situated to the plaintiff based on their rules violations and histories, and objects to the magistrate judge's "neglecting and ignoring the viewing of the referred documents" which support his claims.

The court ordered a response from defendants regarding these objections, which the defendants filed on March 22, 2016. (ECF No. 64).  The defendants agree with the magistrate judge's conclusion that the plaintiff would be unable to state a factually plausible claim that he was similarly situated to other inmates for purposes of an administrative segregation hearing.  Defendants argue "[a]llegations that inmates are 'similar' in only two factors out of a myriad of factors, which are considered in an administrative segregation hearing, does not state a factual claim that the inmates are 'similarly situated.'"  <u>Id.</u>  On March 29, 2016, the plaintiff filed a reply to the defendants' response.  (ECF No. 65).  The reply essentially repeats the arguments the plaintiff made in his objections.[1]

---

[1] The plaintiff's reply is styled as a motion for leave to reply regarding his objections.  Inasmuch as the reply does not materially differ from the objections themselves, the court has taken it into account in reaching its conclusions.  As the court

3

II.

As an initial matter, several of the plaintiff's objections are frivolous or not properly addressed to the substance of the magistrate judge's findings and recommendation. First, the court does not find there to be a meaningful distinction between describing the plaintiff's disciplinary history as consisting of "several" rather than "four" rule violations. Second, while the magistrate judge noted that the plaintiff's reply regarding summary judgment was untimely, there is no indication that the magistrate judge declined to review its contents or to take the plaintiff's arguments into account. Finally, at several points the plaintiff objects to statements in the PF&R which merely summarize the defendants' argument. The PF&R describes both sides' arguments without necessarily adopting them, and the plaintiffs' objections to those descriptions reiterate the points he has made through prior briefings without supplying grounds to object to the magistrate judge's conclusions.

The plaintiff's objections also do not address the magistrate judge's conclusion that the amended complaint fails to state a claim against defendants Boggs, Janiszewski, and

---

has construed the filing as a reply rather than an independent motion for relief, the clerk is directed to terminate the motion associated with that document.

4

Shumate.[2]  As noted by the magistrate judge, the plaintiff has repeatedly contended that these three defendants "contributed" to the violation of his equal protection rights by the defendants who sat on the Administrative Segregation Committee. The court agrees with the magistrate judge's assessment that because these three defendants did not serve on the Committee and did not take any action respecting the plaintiff which treated him differently than other similarly situated inmates based on his race, the plaintiff has not stated a plausible equal protection claim against them.[3]

The balance of the plaintiff's objections raise more substantive questions regarding the magistrate judge's recommendation, particularly the propriety of granting the motion to dismiss the amended complaint as to the remaining defendants, Hinte, Snyder, and Chandler ("the Committee").  The

---

[2] The plaintiff also fails to address the proposed dismissal of the West Virginia Division of Corrections as a defendant.  While the Division was included in the initial complaint, the plaintiff omitted the Division from all later filings, including the operative amended complaint.  As no facts have been alleged against the Division, the court will direct that it be dismissed.

[3] The amended complaint alleges that defendants Boggs and Janiszewski seized letters belonging to the plaintiff, which were later used by defendant Shumate in a presentation to the Committee alleging the plaintiff had "compromised" a correctional officer.  While the plaintiff seeks the return of the letters and insists that Shumate's testimony was improper (because the compromising charge had not been brought), there are no facts alleged which suggest any of these defendants discriminated against the plaintiff based on race.

magistrate judge did not address the factual materials cited by the plaintiff because, citing <u>Templeman v. Gunter</u>, he concluded that the plaintiff's complaint fails to state a plausible claim that he was similarly situated to other inmates for purposes of the administrative segregation determination. <u>See</u> 16 F.3d 367, 371 (10th Cir. 1994) (holding inmate "could not possibly prevail" on equal protection claim involving "discretionary" administrative segregation decisions). To state an equal protection claim, the plaintiff must "first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001). While courts have described the similarly situated inquiry in various terms, the plaintiff must at least "identify persons materially identical to him or her who [have] received different treatment." <u>Kolbe v. Hogan</u>, 813 F.3d 160, 185 (4th Cir. 2016), <u>rehearing en banc granted</u>, 2016 WL 851670 (Mem. March 4, 2016). If this showing is made, the court considers whether the unequal treatment can be justified based on the appropriate level of scrutiny. <u>Id.</u> (citations omitted).

The plaintiff objects that several documents he has submitted show that he was similarly situated to Caucasian inmates and that he was discriminated against. For purposes of

6

the motion to dismiss, the magistrate judge was correct not to look beyond the pleadings and associated documents under Fed. R. Civ. P. 12(b).[4] However, the court is not persuaded that, confining itself to the allegations in the complaint, the plaintiff has failed to state an equal protection claim against the Committee defendants. The amended complaint alleges, in pertinent part and in the words of the pro se plaintiff, that the plaintiff's right to equal protection of the laws was violated because:

1.) There are Caucasian inmate similarly situated who has multiple class one rule violations at the Mount Olive Correctional Complex.

2.) There are Caucasian inmates similarly situated who was actually involved there with a staff member or correctional officer never placed in Administration Segregation.

3.) The inmates who are similarly situated and are Caucasian never were placed in Administration Segregation as following:

A.) "Inmate Jason Payne," who is a Caucasian at the Mount Olive Correctional Complex has multiple

---

[4] In his objection and reply, the plaintiff repeatedly cites Fed. R. Civ. P. 56 to argue his factual evidence should have been considered. While these documents might serve as evidence for summary judgment, the sufficiency of the complaint is the only concern for the court at the motion to dismiss stage.

7

        Class One prison rule violation earlier and 2013 and 2014 recently. However, was not placed in Administrative Segregation, also is similarly situated there with the Petitioner.

B.) "Inmate Eric Menda," who is a Caucasian at the Mount Olive Correctional Complex has multiple Class One prison rule violation 2012, 2014 recently is also involved in an inappropriate relation with recreational Supervisor Fitzwater and was the direct cause for the termination of employment for Mr. Fitzwater at the Mount Olive Correctional Complex. In addition, Inmate Eric Menda, was accessary to another staff Correctional Officer Linda Randolph, who was also terminated for employment at the Mount Olive Correctional Complex. Similarly situated there with the Petitioner. However, not placed in Administrative Segregation, after receiving a prison rule violation in relation to such.

C.) "Inmate Kitchen," who is a Caucasian with multiple class one prison rule violation earlier and 2013, 2014 recently. Also while being blatantly involved in an inappropriate relations with a temporary Correctional Officer Stone.

8

    Inmate Kitchen was the direct cause for Mrs. Stone to be terminated from employment at Mount Olive Correctional Complex. After receiving the prison rule violation, he wasn't placed in Administrative Segregation, even similarly situated there with the Petitioner.

  D.) "Inmate Roger Rowe," who is a Caucasian similarly situated there with the Petitioner, but had received a prison rule violation for an inappropriate relation with a Correctional Officer and was the direct cause for the officer to be terminated, in 2010 and/or 2011. However, wasn't placed in Administrative Segregation.

ECF No. 8 at 5-7.

  The complaint also identifies three other black inmates who "were placed in Administrative Segregation after receiving a prison rule violation for being involved inappropriately with a Correctional Officer." Id. at 7. Liberally construed, these allegations suggest a pattern or practice of disparate treatment based on race in the handling of administrative segregation assignments.

  The defendants have consistently argued that due to the discretionary and granular nature of administrative

segregation decisions, the plaintiff's allegation that he was similarly situated to other inmates are futile.  This position places too high a burden on the plaintiff at the motion to dismiss stage, in light of the court's obligation to assume the truth of the facts alleged in the complaint.[5]  Under the defendants' standard, prison officials could discriminate based on race with impunity so long as they can point to other factors which might motivate decision-makers, as no inmate would be able to state a plausible claim that he or she was similarly situated to the prisoners who were not mistreated.  Under the standard set out in Bell Atlantic Corp. v. Twombly, while the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face," he need not include "detailed factual allegations."  550 U.S. 544, 555 (2007).  Fairly construed, the plaintiff's complaint alleges that the Committee treated him differently than similarly situated inmates in making its administrative segregation decision, and that its motivation for doing so was based on his racial identity.  This is enough to state a claim for relief for purposes of a motion to dismiss.

---

[5] The court is also mindful that in testing the sufficiency of the plaintiff's complaint, "[t]he handwritten pro se document is to be liberally construed . . . [and] held to 'less stringent standards than formal pleadings drafted by lawyers.'"  Estelle v. Gamble, 429 U.S. 97 at 106 (1976) (quoting Haynes v. Kerner, 404 U.S. 519, 520-21 (1972)).

Nor does the defendants' assertion that the Committee's composition may have shifted over time defeat the plaintiff's claim.  The complaint alleges that defendants Hinte, Snyder, and Chandler made the allegedly discriminatory decision of which the plaintiff complains, and that other prisoners within the prison were treated differently based on race.  Putting to one side the plaintiff's objection that some of these defendants were in fact on the committees evaluating other prisoners to which he compares his case, the prison and its officials cannot escape scrutiny by relying on the argument that identical decision-makers may not have been involved in earlier decisions.[6]

In a footnote to their motion to dismiss, the defendants requested that, should the court consider documents outside the pleadings, their motion should be considered as one for summary judgment.  However, that footnote suggests that the only issue at summary judgment would be whether the "basic prison records" presented by plaintiff demonstrate that he and

---

[6] The defendants' reply argues that in order to succeed, the plaintiff will ask the court "to review each individual inmate, and then make a series of determinations as to how various factors presented to the Administrative Segregation Committee should have been considered and whether these factors for each inmate must be considered the same."  (ECF No. 32 at 4).  This analysis overlooks the plaintiff's allegation that the Committee relied on the impermissible factor of race in reaching its decision.

11

the comparator inmates he has selected were similarly situated. See ECF No. 24 at 8 fn. 4.  Inasmuch as the defendants' motion, in so far as it seeks alternative treatment as a motion for summary judgment, has not been sufficiently developed for that purpose, it is to that alternative extent denied without prejudice.

III.

Having considered the plaintiff's objections and after reviewing the matter de novo, the court adopts and incorporates the PF&R only to the extent it addresses the dismissal of defendants Boggs, Janiszewski, Shumate, and the West Virginia Division of Corrections.  The court ORDERS that the defendants' motion to dismiss the amended complaint be, and it hereby is, granted with respect to defendants Boggs, Janiszewski, Shumate, and otherwise denied, and those three defendants are ORDERED dismissed.  Inasmuch as the West Virginia Division of Corrections has been omitted by the plaintiff from his amended complaint, it is also ORDERED dismissed.  The court also ORDERS that, to the extent the same filing presents an alternative motion for summary judgment, that motion be, and hereby is, denied without prejudice.

The court further ORDERS that this matter be, and it hereby is, re-referred to the magistrate judge for further proceedings consistent with this opinion.

The Clerk is directed to forward copies of this order to the plaintiff, all counsel of record, and the magistrate judge.

DATED: March 31, 2016

John T. Copenhaver, Jr.
United States District Judge