```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

RICKY VINCENT PENDLETON,

    Plaintiff,

v.                                        Civil Action No. 2:15-01903

WEST VIRGINIA DIVISION OF
CORRECTIONS, KELLI HINTE,
SHERRIE SNYDER, CHERYL CHANDLER,
LISA BOGGS, MICHAEL SHUMATE, and
PATRICK JANISZEWSKI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the following motions: the plaintiff's Motion for Summary Judgment (ECF No. 44), the plaintiff's Motion for Expedited Relief (ECF No. 47), the plaintiff's Motion for Expedited and Injunctive Relief (ECF No. 54), and the plaintiff's Motion for Injunctive Relief and Declaratory Judgment (ECF No. 57).

On March 31, 2016, the court entered an order denying the defendants' motion to dismiss, finding that the plaintiff's complaint plausibly states an equal protection claim. This matter has been re-referred to the magistrate judge for further proceedings consistent with that opinion, and for the entry of a pretrial schedule.

1

In their motion to dismiss, the defendants alternatively requested summary judgment, arguing that the "basic prison records" submitted by the plaintiff in support of his complaint and various motions demonstrated that he was not entitled to relief. The court concluded that the summary judgment motion had not been sufficiently developed, and denied that motion without prejudice. <u>See</u> ECF No. 67 at 11-12. The plaintiff's motion for summary judgment (ECF No. 44) essentially seeks summary judgment based on the same materials, arguing that the documents referenced are sufficient to show the plaintiff is entitled to judgment in his favor. This motion was filed in response to the defendants' motion to dismiss, prior to the filing of an answer in this matter. As a result, the defendants have not yet responded as to the truth or falsity of the allegations in the Amended Complaint. Accordingly, the court concludes that a ruling on the plaintiff's motion for summary judgment would be premature.

In each of the remaining pending motions, the plaintiff seeks immediate relief from his assignment to administrative segregation, in the form of what is variously termed expedited relief (ECF No. 47), expedited and injunctive relief (ECF No. 54), or injunctive relief and declaratory judgment (ECF No. 57). The court construes all of these motions to be seeking preliminary or permanent injunctive relief. In

<u>Winter v. Natural Resources Defense Council, Inc.</u>, the Supreme Court articulated what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." 555 U.S. 7, 20 (2008). In 2009, the Fourth Circuit discussed the standard set out in <u>Winter</u> in <u>The Real Truth About Obama</u>, 575 F.3d 342 (4th Cir. 2009), noting:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief <u>pendente</u> <u>lite</u> of the type available after the trial. Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial.

575 F.3d 345-46.[1]

The <u>Real Truth</u> decision also emphasizes that "the <u>Winter</u> requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [<u>Blackwelder Furniture Co. of Statesville v. Seilig</u>

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in <u>Citizens United v. Federal Election Commission</u>, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case.  <u>See</u> 575 F.3d at 345-347.

Manufacturing Co., 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious question for litigation." Id. at 346-47. Real Truth further distinguishes the Winter standard from the old Blackwelder standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Fourth Circuit again emphasized that all four factors must be met in order to justify this extraordinary relief, stating that the standard articulated in Winter would henceforth govern the issuance of preliminary injunctions in all federal courts. Id. at 347.

      The plaintiffs' submissions, taken together, do not make a "clear showing" that the plaintiff is likely to succeed on the merits of his equal protection claim. While the plaintiff repeatedly identifies certain Caucasian inmates he believes to be similarly situated to himself for purposes of the defendants' administrative segregation determinations and who he argues were treated differently from black inmates based on race, the plaintiff has not yet addressed the defendants' arguments that other factors led to the segregation determinations at issues. Based on the materials before the

court, it would be impossible to conclude that the plaintiff is likely to be able to show that the defendants used the impermissible factor of race to make those determinations. While the court concluded that the plaintiff's allegations, accepted as true, were sufficient to survive a motion to dismiss, the plaintiff has not yet proven those allegations to the extent necessary to support injunctive relief under the stringent standard contemplated by <u>Winter</u> and <u>Real Truth</u>.

For the reasons stated, the court ORDERS that the plaintiff's motion for summary judgment be, and it hereby is, denied without prejudice.  The court further ORDERS that the plaintiff's Motion for Expedited Relief, Motion for Expedited and Injunctive Relief, and Motion for Injunctive Relief and Declaratory Judgment be, and they hereby are, denied.

The Clerk is directed to forward copies of this order to the plaintiff, all counsel of record, and the magistrate judge.

DATED:    July 19, 2016

John T. Copenhaver, Jr.
United States District Judge

5