UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

RICKY VINCENT PENDLETON,

   Plaintiff,

v.           Case No. 2:15-cv-01903

KELLI HINTE, SHERRIE SNYDER,
and CHERYL CHANDLER,

   Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Supplemental Motion to Dismiss Amended Complaint (ECF No. 73).

## RELEVANT PROCEDURAL HISTORY AND POSITIONS OF THE PARTIES

On March 31, 2016, the presiding District Judge entered a Memorandum Opinion and Order (ECF No. 67), which granted in part, and denied in part, the defendants' Motion to Dismiss and denied without prejudice the defendants' Motion for Summary Judgment.[1] The March 31, 2016 Memorandum Opinion and Order (ECF No. 67) dismissed the claims against defendants Boggs, Janiszewski, Shumate and the West

---

[1] On July 18, 2016, the presiding District Judge entered another Memorandum Opinion and Order (ECF No. 68), in which he denied, without prejudice, the plaintiff's Motion for Summary Judgment (ECF No. 44) and further denied three motions for expedited injunctive relief and declaratory judgment, finding that the plaintiff had not made a clear showing of a right to relief and that additional factual development was necessary.

Virginia Division of Corrections, and re-referred this matter to the undersigned for further consideration of the plaintiff's equal protection claim concerning his placement and retention in administrative segregation by defendants Hinte, Snyder and Chandler, which he claims was motivated by his racial identity, and for which he sought only equitable relief in the form of being released back to the general prison population and the return of certain letters that were seized from him and allegedly used as evidence in his disciplinary and administrative segregation proceedings.

On August 17, 2016, defendants Hinte, Snyder and Chandler filed a Supplemental Motion to Dismiss (ECF No. 73) and Memorandum of Law in support thereof (ECF No. 74), in which they assert that the plaintiff was released from administrative segregation to the general population at the Mount Olive Correctional Complex on or about May 26, 2016, having completed the various phases of the "Quality of Life" Program. Thus, the defendants assert that the plaintiff's claim for equitable or injunctive relief ordering his return to the general population is now moot and that this civil action should be dismissed in its entirety. (ECF No. 74 at 4-6).

The defendants' motion further asserts that the plaintiff is not entitled to the return of the letters that had been seized from him because the constitutional claims upon which such request was based have been dismissed, as addressed in the presiding District Judge's prior Memorandum Opinion and Order. (*Id.* at 2-3). The defendants' motion further suggests that the issue concerning return of the letters was not properly exhausted through the prison's administrative grievance procedures. (*Id.* at 3).

On August 31, 2016, the plaintiff filed a Reply to Defendants' Supplemental Motion to Dismiss (hereinafter "the plaintiff's Response") (ECF No. 78). The plaintiff asserts that this matter is not moot because "the court has the power to grant any other relief it deems

appropriate, and granting effective relief." (*Id.* at 11).  He further suggests that this matter meets the mootness exception because there was too short a time to fully litigate his claim prior to his release from administrative segregation and he speculates that he may be subject to the same action again.  (*Id.* at 10-12).  The plaintiff further asserts that his request for the return of his letters is still viable because the letters were improperly used by the remaining defendants and falsely influenced their discriminatory decision to place him in administrative segregation.  (*Id.* at 2-5).

On September 8, 2016, the defendants filed a Reply (ECF No. 79).  The Reply asserts that, despite his allegations that the seized letters were considered as evidence by the Administrative Segregation Committee and contributed to their decision to place him in administrative segregation, there is no viable claim that would permit this court to order the remaining defendants, who did not seize the letters from the plaintiff, to return the letters to him.  (*Id.* at 1-2).  The defendants' Reply also reiterates their position that the plaintiff has not properly exhausted the issue concerning the seizure of his letters and his request for their return.  (*Id.* at 3).

Finally, the defendants' Reply contends that the plaintiff has not demonstrated that the defendants' challenged conduct is "capable of repetition, yet evading review." (*Id.* at 4-5).  The Reply further asserts that, before the plaintiff could be returned to administrative segregation, he would have to commit a new disciplinary rule violation or engage in new conduct that would render him a security risk and, further, that procedural safeguards, including another administrative segregation hearing in accordance with prison policy, would be observed, and that simply filing another grievance is not conduct that would give rise to such circumstances.  (*Id.*)  The Reply further states:

> The underlying facts giving rise to a new administrative segregation hearing will be different and based upon new events and factual considerations. Even assuming this Court, in the present matter, would find the Plaintiff to have been similarly situated to certain Caucasian inmates on or about October 1, 2014, such a finding or decision would not mean that the plaintiff was still similarly situated to those certain Caucasian inmates in the future. This is especially true if he has committed a new prison disciplinary rule violation or other act adversely affecting prison safety and security. Unlike with a claim that a particular rule, policy or practice violates equal protection of the law, a favorable decision in the present matter will not serve to resolve any future legal disputes, should the plaintiff find himself again being considered for administrative segregation. The same legal and factual claim in the present matter is not reasonably likely to recur in a manner which would render any decision by this Court in the present matter to be more than an advisory opinion.

(*Id.* at 5-6).

On September 21, 2016, and December 22, 2016, respectively, the plaintiff filed two additional "replies" or "affidavits" (ECF Nos. 81 and 85), which the court construes as unauthorized sur-replies. The sur-replies largely re-address the exhaustion of administrative remedies and the merits of the plaintiff's equal protection claim and re-assert the plaintiff's position that his claim meets the mootness exception because it is capable of repetition, yet evading review.

## **STANDARD OF REVIEW**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see also Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." A case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. *Powell v. McCormack*, 3965 U.S. 486, 496 (1969); *see also North*

*Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011).

If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the court lacks the constitutional authority to adjudicate the issue and the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 699 (3d Cir. 1996); s*ee also Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986) (stating that "the test for mootness . . . is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.").

## <u>ANALYSIS</u>

Well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." Taylor, *supra*, 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *Incumaa v. Ozmint*, 507 F.3d 281, 286-287 (4th Cir. 2007) (Transfer from unit or location where prisoner was subject to challenged condition of confinement moots claims for injunctive and declaratory relief concerning such condition of confinement). As discussed above, "mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 763, 867 (10th Cir. 1996).

The defendants' Supplemental Motion to Dismiss (ECF No. 73) asserts that the plaintiff's claim for relief is now moot in light of the fact that he was released from

administrative segregation to the general prison population. The defendants further assert that, in light of the prior dismissal of the claims against defendants Boggs, Janiszewski and Shumate concerning the seizure of the plaintiff's letters, the plaintiff's request for return of those letters is not based upon a viable claim and, thus, is not redressable by this court.

The defendants' Supplemental Motion is well taken. In light of his release to the general population of the prison, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's equal protection claim concerning his placement in administrative segregation and his request to be released therefrom are moot because this court can no longer grant the requested relief. The undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's request for the return of the letters is no longer redressable because it is made in association with claims that have either been dismissed or are now moot.

Moreover, the plaintiff's assertion that this matter meets the mootness exception lacks merit. There is a mootness exception for conduct that is "capable of repetition, yet evading review," and, as noted by the plaintiff, this narrow exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to the cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). However, the plaintiff's claim is based upon a previous decision to place him in administrative segregation and it is entirely speculative that the plaintiff will again be placed in administrative segregation for the same conduct. As aptly noted by the defendants, "[t]he same legal and factual claim in the present matter is not reasonably likely to recur in a manner which would render any decision by this Court in

6

the present matter to be more than an advisory opinion." (ECF No. 79 at 6).

Even if the plaintiff were again placed in administrative segregation, and further believed that such decision was racially discriminatory, such action would give rise to a new and separate claim, which, following exhaustion of administrative remedies, could be pursued in another civil action. Accordingly, the plaintiff cannot meet the heavy burden of establishing that his claim is capable of repetition, yet evading review.[2]

Thus, the plaintiff's claim for relief must be denied as moot and this civil action must be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the defendants' Supplemental Motion to Dismiss Amended Complaint (ECF No. 73) be **GRANTED** and that this civil action be dismissed from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

---

[2] Based upon these findings, the undersigned believes it is unnecessary to address the merits of the defendants' exhaustion argument concerning the seizure of the plaintiff's letters.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

 January 6, 2017

Dwane L. Tinsley
United States Magistrate Judge