UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RICKY VINCENT PENDLETON,

    Plaintiff,

v.                              Civil Action No. 2:15-cv-01903

KELLI HINTE, SHERRIE SNYDER,
and CHERYL CHANDLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' supplemental motion to dismiss plaintiff's amended complaint,[1] filed August 17, 2016. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### I. Background

Plaintiff Ricky Vincent Pendleton is an African-American prisoner incarcerated at the Mount Olive Correctional Complex ("Mount Olive"). On August 13, 2014, plaintiff was

---

[1] The plaintiff timely filed his amended complaint on March 2, 2015. The amended complaint was written entirely by the plaintiff and added Officer Boggs, who has since been dismissed, as a defendant. ECF No. 8.

placed in punitive segregation for violating prison rules, namely, an encounter with Officer Erin Linville and possessing contraband consisting of a pair of Department of Corrections issued sweatpants and shorts which had been altered to add pockets contrary to prison rules. See Defs.' Mem. Supp. Mot. Dismiss, ECF No. 23-1, at 9-10.

The plaintiff was charged with compromising Officer Erin Linville, who stated that the plaintiff "Asked me if I were nervous, this is prison after all" and told her "You don't need to be worried, not while I'm around." Id. at 10. The plaintiff had also been placed in punitive segregation in 2012 for compromising an employee of Mount Olive, Susan Trent. Id. at 11.

As stated by the defendants in their original memorandum in support of their motion to dismiss, "punitive segregation is for one or two months and it is a punishment for an inmate's violation of a prison disciplinary rule." ECF No. 24, at 1 n.1.

Also on August 13, 2014, Officer Janiszewski interviewed the plaintiff about an allegation that he had been "involved" with a female correctional officer, Delta Butler. As a part of that investigation, Officer Boggs seized an incoming

letter from "Rebecca Hart" in the mailroom, and Officer Janiszewski seized another letter in the plaintiff's possession that was addressed to "Rebecca Hart."

Seven weeks later, on October 1, 2014, the Administrative Segregation Committee ("Committee"), comprised of defendants Kelli Hinte, Sherrie Snyder and Cheryl Chandler, presided over plaintiff's administrative segregation hearing to determine whether the plaintiff should be assigned to administrative segregation upon his completion of the punitive segregation sanction for prison rule violations. ECF No. 8, at 5.

Administrative segregation differs from punitive segregation in that administrative segregation "inmates are the most serious institutional security and public risk within the Division of Corrections." Admin. Segregation Policy Directive, ECF No 73-1, at 13. "An inmate who is serving sixty (60) days Punitive Segregation will be reviewed by the Administrative Segregation Committee within twenty-one (21) days prior to their Punitive Segregation release. If placed on Administrative Segregation, the remainder of the inmate's Punitive Segregation sentence shall become null and void." Id. at 15. The Committee bases its decision to recommend administrative segregation upon the preponderance of available information or evidence, such as:

3

> (a) A record of disciplinary rule violations . . .
> which shows a pattern or tendency of behavior, which
> is . . . threatening to the inmates, staff, self, or
> the public.
> (b) Information from staff or other inmates
> indicating that the inmate has engaged in or plans to
> engage in activities which may be a threat to the
> public, staff, self, or other inmates . . . .
>
>     * * *
>
> (d) Specific information showing that the inmate is
> involved in any behavior that disrupts the safe,
> secure operation of the institution/facility/center .
> . . .

Id. at 17-18.

Although the amended complaint is not clear, it appears that the plaintiff completed or was serving his punitive segregation for possessing contraband and compromising Officer Linville when the administrative segregation hearing was held.

At the October 1, 2014 administrative segregation hearing, Intelligence Officer Michael Shumate, in addition to informing the Committee of the details of plaintiff's charged rule violations (compromising Officer Linville following the compromise of Susan Trent two years earlier and possessing contraband), presented evidence, (including photocopies of the previously seized letters) to argue that Rebecca Hart was an alias of Officer Butler's and that the plaintiff had an impermissible relationship with her. The plaintiff maintains that Rebecca Hart was a childhood friend. The Committee did not

4

challenge the information presented by Officer Shumate nor did it recognize that the plaintiff was never officially charged with a violation for compromising Officer Butler, and instead, is alleged by the plaintiff to have accepted Officer Shumate's report as true.  The Committee placed the plaintiff in administrative segregation based upon his past rule violations, as well as Officer Shumate's report regarding his alleged relationship with Officer Butler.  Am. Compl., ECF No. 8, at 5.

The plaintiff initiated this action under 42 U.S.C. § 1983 on February 18, 2015 against the defendants for treating him, as an African-American, differently and more severely than they treated similarly-situated white inmates in similar proceedings.  Plaintiff sought, as relief, the return of the seized letters and release from administrative segregation into the general prison population.

On March 31, 2016, after reviewing the magistrate judge's original PF&R, entered February 24, 2016, this court dismissed Officers Boggs, Janiszewski and Shumate, finding that the plaintiff had failed to state a plausible equal protection claim against them.[2]  The court declined to adopt the magistrate

---

[2] There is also no claim for illegal seizure of the "Rebecca Hart" letters, and the plaintiff clarified as much in a sur-reply in which he states that he is not attempting to assert any separate illegal seizure claim.  ECF No. 36, at 1.

judge's recommendation that the defendants' motion to dismiss the equal protection claims be granted against the Committee members on the grounds that the plaintiff had not demonstrated in his complaint that he was treated differently than others similarly situated to himself. The court re-referred plaintiff's equal protection claims against defendants Hinte, Snyder and Chandler to the magistrate judge for further consideration. Before the magistrate judge could reach the merits of the issue on re-referral, the plaintiff was released from administrative segregation two months later on May 26, 2016 upon completion of the "Quality of Life" program.[3] After his release, defendants Hinte, Snyder and Chandler filed a supplemental motion to dismiss, arguing that because the plaintiff had been released from administrative segregation and because they did not have possession of the "Rebecca Hart" letters, the only two forms of relief sought in this case, that plaintiff's claims were moot.

The magistrate judge's PF&R, entered January 6, 2017, recommends that the defendants' supplemental motion to dismiss the amended complaint be granted and that this civil action be

---

[3] The defendants assert that completion of the "Quality of Life" program is required for inmates assigned to administrative segregation. Defs.' Mem. Supp. Supplemental Mot. Dismiss, ECF No. 74 at 2 n.3.

dismissed from the docket of the court.  ECF No. 87, at 7.  The plaintiff filed objections to the PF&R on January 17, 2017. Defendants filed a response to plaintiff's objections, to which the plaintiff has replied.

II.  Standard of Review

"The Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

III. Discussion

Plaintiff's initial objection is based primarily on his belief that his claim is still redressable because he exhausted administrative remedies in seeking return of his letters.  Obj. 1. The magistrate judge reasonably declined to rule on the exhaustion argument raised by the plaintiff because his claim is no longer redressable.  PF&R, ECF No. 87, at 6, 7 n.1.

A redressable claim is one in which the "judgment preventing or requiring action will redress" the injury.  <u>Lujan v.</u>

7

**Defenders of Wildlife**, 504 U.S. 555, 562 (1992). The court may "accord relief only against" parties in the case. Id. at 568.

The plaintiff does not allege anywhere in his amended complaint that defendants Hinte, Snyder, or Chandler were ever in possession of the seized letters, let alone that they are currently in possession of those same letters. In fact, the amended complaint asserts that Officer Shumate only showed the Committee members photocopies of the "Rebecca Hart" letters. See Am. Compl., ECF No. 8, at 4; Pl.'s Resp. Defs.' Supplemental Mot. Dismiss, ECF No. 78, at 5. The record also indicates that the plaintiff is in possession of, or at least had access to, those same photocopies, which were included with the filing by him, on December 22, 2016, of six letters between the plaintiff and "Rebecca Hart." ECF No. 85, Exs. 2, 3.

Exhibit 2 contains three letters sent to the plaintiff. Each envelope accompanying those three letters shows a return address of P.O. Box 5053, Beckley, West Virginia 25801, with no name associated with the address. In the letters themselves, there is no mention of the name "Rebecca Hart," instead the letters are signed "Baby Dee" or "Dee Dee." See ECF No. 85-2. Exhibit 3 contains three letters written by the plaintiff. Each of the envelopes accompanying these letters is addressed to "Rebecca Hart" at the same P.O Box 5053 address provided above. In each

8

letter, however, no mention is made of the name "Rebecca Hart." Instead, the letters' salutations name "Donna" and then proceed to refer to that person as "Baby Dee" or "Dee Dee." ECF No. 85-3.

In their supplemental motion to dismiss, the defendants attached the affidavit of Brandon Armstrong, the grievance coordinator for the Division of Corrections. ECF No 73-2. Mr. Armstrong stated on August 16, 2016, that, dating back to January 1, 2014, he searched for any grievances filed by the plaintiff related to the confiscation of any letters or other papers and found no such grievance. Id. Attached to his response, filed August 31, 2016, the plaintiff filed a grievance form, dated December 19, 2014, in which he asked only to be returned to the general population for the same reasons he seeks redress from this court. ECF No. 76-4, at 2. The plaintiff states in his response to the defendants' supplemental motion to dismiss that, despite not seeking the return of his letters or mentioning them at all, this grievance was based on the Committee's use of the "copied letters" and therefore, in his view, he had thereby initiated the grievance process for their return. Pl.'s Resp., ECF No. 78, at 2.

After the briefing on the defendants' supplemental motion to dismiss had concluded, the plaintiff filed, on December 22, 2016, a grievance in which he sought the return of his letters,

9

dated September 21, 2016. That grievance was denied for being filed outside the time limitation provided in Mount Olive's policy directive. ECF No. 85-1, at 2. At the time the plaintiff filed this latest grievance, Officers Boggs, Janiszewski and Shumate had already been dismissed from the case and the plaintiff has not amended his complaint to include any additional information regarding the seizure of the "Rebecca Hart" letters.

For the foregoing reasons, the plaintiff's first objection, whereby he seeks redressability by return of the letters, is overruled.

In both plaintiff's second and third objections, he contends that the future seizure of letters to or from Rebecca Hart and their potential use in future administrative segregation proceedings falls under the mootness exception of being "capable of repetition yet evading review." Obj. 2-3. He fears that, due to racial discrimination, he will be placed in administrative segregation after any further correspondence with Rebecca Hart and that the duration of that segregation will not be long enough to allow for judicial review. Id. These objections are made in response to the magistrate judge's proper finding that since the plaintiff was released from the confinement from which he sought release, his equal protection

10

claims are moot.  PF&R, ECF No. 87, at 5-6 (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007)).

The narrow mootness exception for conduct that is "capable of repetition yet evading review" applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Fed. Election Comm'n v. Wisc. Right to Life, Inc., 551 U.S. 449, 462 (2007).  The magistrate judge found that because it is speculative that the plaintiff would be placed in segregation for the same conduct in the future, the plaintiff could not "meet the heavy burden of establishing that his claim is capable of repetition yet evading review."  PF&R, ECF No. 87, at 6-7.  Moreover, with his history of compromising female officers and employees at Mount Olive, a further instance of the same misconduct may merit disciplinary measure.

In Incumaa v. Ozmint, the Court of Appeals for the Fourth Circuit issued a decision that is instructive as to plaintiff's objections.  There, the court would not "base [its] mootness jurisprudence . . . on the likelihood that an inmate will fail to follow prison rules."  Incumaa, 507 F.3d at 289. "Such 'conjecture as to the likelihood of repetition has no

place in the application of this exceptional and narrow grant of judicial power' to hear cases for which there is <u>in fact a reasonable</u> expectation of repetition." <u>Id.</u> (emphasis in original) (quoting <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 206-07 (3d Cir. 1993)).

Here, as in <u>Incumaa</u>, there is no clear probability that plaintiff will be placed in administrative segregation by the defendants based on racial discrimination absent a rule violation. <u>See</u> Policy Directive for Administrative Segregation, ECF 73-1, Ex. C, at 13-19. The prison is entitled to investigate whether an inmate is compromising an employee. This might include examining letters to and from inmates which may result in a rule violation. <u>See</u> W. Va. Code § 15A-4-7 (permitting prisons to search inmates' mail). The court declines to grant a mootness exception "on the likelihood that an inmate will fail to follow prison rules." <u>Incumaa</u>, 507 F.3d at 289. The court agrees with the magistrate judge's conclusion regarding the mootness exception and denies the plaintiff's second and third objections.

Plaintiff's final objection appears to assert that the court should exercise its authority under 18 U.S.C. § 3626 ("Appropriate remedies with respect to prison conditions") to grant relief correcting violations of his federal rights. Obj.

4. Inasmuch as plaintiff does not articulate an argument in this objection but merely restates certain sections of the statute, this objection is overruled.

## IV. Conclusion

Accordingly, it is ORDERED as follows:

1. That the plaintiff's objections to the PF&R be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full;

3. That defendants' supplemental motion to dismiss be, and it hereby is, granted; and

4. That this civil action be dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: March 27, 2019

John T. Copenhaver, Jr.
Senior United States District Judge